## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| WANETT DRINNING-DUFFEE, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:   3:12-cv-00664-UAMH-JRK |
| | ) | |
| ENHANCED RECOVERY | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Enhanced Recovery Company, LLC ("ERC") states and alleges as follows for its answers to Plaintiff Wanett Drinning-Duffee and Ronnie Duffee's (the "Plaintiffs") Complaint:

1.     Defendant admits the allegations in paragraph 1 of the Complaint that Plaintiffs filed this instant action alleging violations of the Telephone Consumer Protection Act (the "TCPA").  Defendant further admits that the language cited to in paragraph 1 of the Complaint in substance is a quotation from the case of Mims v., Arrow Financial Services, LLC, 132 S.Ct. 740 (2012).

2.     Defendant admits the allegations in paragraph 2 of the Complaint that Plaintiffs filed this suit as a class action alleging violations of the TCPA which prohibits calls placed to cellular telephone services by using an automatic telephone dialing system or a prerecorded voice without prior express consent.  Defendant denies the remaining allegations in paragraph 2 of the Complaint.

[2.]¹   Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint and therefore deny those allegations.

[2.]   Defendant admits the allegations in paragraph 2 of the Complaint that Plaintiffs filed this suit as a class action alleging violations of the TCPA which prohibits calls placed to cellular telephone services by using an automatic telephone dialing system or a prerecorded voice without prior express consent in order to redress alleged resulting injuries. Defendant admits the remaining allegations in paragraph 2 of the Complaint that Plaintiffs seek an injunction requiring Defendant to cease their illegal behavior and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees but denies that an injunction is an appropriate remedy, any liability or that Plaintiffs are entitled to attorneys' fees and costs under the TCPA.

## JURISDICTION AND VENUE

Defendant admits the allegations in Plaintiffs "JURISDICITON AND VENUE" paragraph for jurisdictional and venue purposes only.

## PARTIES

3.   Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 3 of the Complaint and therefore deny those allegations.

4.   Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 4 of the Complaint and therefore deny those allegations.

5.   Defendant admits the allegations in paragraph 5 of the Complaint.

---

¹ Plaintiffs' Complaint erroneously contains three paragraphs consecutively designated with the number 2. For purposes of clarity, the paragraphs contained in Defendant's Answer correspond with Plaintiff's erroneously numbered paragraphs.

## FCC FINDINGS REGARDING AUTOMATED OR PRERECORDED CALLS TO CELLULAR TELEPHONES

6.      Defendant admits the allegations in paragraph 6 of the Complaint that the Federal Communication Commission (the "FCC") is vested with certain authority to issue rules and regulations with regard to the TCPA and such rules and regulations speak for themselves. Defendant denies any allegations in paragraph 6 of the Complaint at variance with the current interpretation of the rules and regulations of the FCC with regard to the TCPA.

7.      Defendant admits that the FCC's Rules and Regulations speak for themselves. Defendant denies any allegations in paragraph 7 of the Complaint at variance with the current interpretation of the FCC's Rules and Regulations with regard to the TCPA.

## FACTUAL ALLEGATIONS

8.      Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint and therefore deny those allegations.

9.      Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint and therefore deny those allegations.

10.     Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint and therefore deny those allegations.

11.     Defendant admits the allegations in paragraph 11 of the Complaint that Plaintiff has complied with the rules of the Public Utility Commission of Texas in that is has registered the type of telephone system as described therein.   Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 11 of the Complaint and therefore deny those allegations.

[##.]² Defendant admits the allegations in the paragraph designated as "##" of the Complaint.

[#.]   Defendant admits the allegations in the paragraph designated as "#" of the Complaint that Defendant's website contains the quoted language but denies the statement is made with regard to Defendant's dialing systems.

12.    Defendant denies the allegations in paragraph 12 of the Complaint.

13.    Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 13 of the Complaint and therefore deny those allegations.

14.    Defendant denies the allegations in paragraph 14 of the Complaint.

15.    Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Complaint and therefore deny those allegations.

## CLASS ACTION ALLEGATIONS

16.    Defendant admits the allegations in paragraph 16 of the Complaint that Plaintiffs brought this action on behalf of a class as described therein.

17.    Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 17 of the Complaint and therefore deny those allegations.

18.    Defendant denies the allegations in paragraph 18 of the Complaint.

19.    Defendant denies the allegations in paragraph 19 of the Complaint.

20.    Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint and therefore deny those allegations.

21.    Defendant denies the allegations in paragraph 21 of the Complaint.

---

² Plaintiff designates the two paragraphs following the paragraph designated by the number "10" by the designations "##" and "#" respectively.  For purposes of clarity, the paragraphs contained in Defendant's Answer correspond with Plaintiff's erroneously identified paragraphs.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 23 of the Complaint as Plaintiffs have not yet moved for certification and therefore deny those allegations.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24.     Defendant incorporates by reference its answers to paragraphs 1 through 23 of the Complaint.

25.     Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 25 of the Complaint and therefore deny those allegations.

26.     Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 26 of the Complaint and therefore deny those allegations.

27.     Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the Complaint and therefore deny those allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief in connection with the allegations contained in their Complaint, including, without limitation, the relief specified in Plaintiffs' prayer for relief.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial.

To the extent any allegation contained in Plaintiff's Complaint has not been specifically admitted herein, it is hereby denied.  Defendant denies any allegation that may be implied by or inferred from the headings of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

As and for Defendant's affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff provided their express consent to be contacted at the numbers at issue.

### SECOND AFFIRMATIVE DEFENSE

Through its policies and procedures, Defendant, at all times material to this lawsuit, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages should be denied to the extent that they have failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

Defendant had reasonable grounds for believing that its actions with respect to the Plaintiffs were not in violation of the law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages should be denied to the extent that the alleged actions fall outside of the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of receiving the telephone calls placed by the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise any and all additional affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may now or in the future be available.

**WHEREFORE**, Defendant respectfully requests (1) that judgment be entered against Plaintiff in connection with all causes of action in its Complaint; (2) Defendant be awarded their reasonable attorneys' fees and costs; and (3) for such other and additional relief as the Court deems just and equitable.

This 6th day of July, 2012.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

s/ Michele F. Martin
Michele F. Martin
Trial Counsel
Florida Bar No. 474940
mmartin@sgrlaw.com
Bank of America Tower
50 North Laura Street, Suite 2600
Jacksonville, Florida  32202
(904) 598-6131
Fax: (904) 598-6231

Counsel for Defendant Enhanced Recovery
Company, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Scott D. Owens
scott@sctorrdowens.com

Keith J. Keogh
Keith@KeoghlLw.com

  /s/ Michele F. Martin
Attorney