**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| WANETT DRINNING-DUFFEE, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:   03:12-cv-00664-UAMH-JRK |
| ) | |
| ENHANCED RECOVERY ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant, Enhanced Recovery Company, LLC, by and through its undersigned counsel, hereby responds to the Court's Order to Show Cause dated October 12, 2012 directing the parties to show why this case should not be dismissed for lack of prosecution as well as why sanctions should not be imposed for the parties' failure to file a Case Management Report within the time prescribed under the Local Rules as follows:

1. On July 11, 2012, a motion was filed with the United States Panel on Multidistrict Litigation seeking the transfer of this case to Multi District Litigation in the Northern District of Illinois. (See ECF No. 8, Ex. A).

2. On October 18, 2012, a Transfer Order was issued finding that the cases at issue should be centralized and that such centralization should occur in the Middle District of Florida and, "with the consent of that court, assigned to the Honorable Roy B. Dalton, Jr., for coordinated or consolidated pretrial proceedings with the action pending there." (See ECF No. 8, Ex. B).

3.  The Defendant along with the Plaintiff mistakenly believed that this Court was aware of the Multi District Litigation motion filed in this matter and that the filing of such motion would delay the filing of the Case Management Report in this case.

### **Memorandum of Law**

Defendant apologizes to the Court for the delay in filing the Case Management Report. As stated above, the parties misconstrued the effect of the Multi District Litigation motion. Defendant and its counsel respectfully request that the Court not impose sanctions for Defendant's failure to comply with the Local Rules and assure the Court that such failure was only through inadvertence and mistake. The parties have since met by telephone to discuss the case and all aspects related to it. The parties likewise plan to file with the Court their Joint Case Management Report.

As shown above, Defendant and its undersigned counsel endeavored in good faith to comply with all applicable Local Rules. Though counsel for the Defendant ultimately failed to meet and file the Case Management Report, such was through inadvertence and mistake and will not happen again. The undersigned apologizes to the Court for this omission and assures the Court that this will not be an issue in the future. For all these reasons, Defendant and its undersigned counsel respectfully request that the Court not impose sanctions.

This 29th day of October, 2012.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

s/ Michele F. Martin
Michele F. Martin
Trial Counsel
Florida Bar No. 474940
mmartin@sgrlaw.com
Bank of America Tower
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
(904) 598-6131
Fax: (904) 598-6231

Counsel for Defendant Enhanced Recovery Company, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Scott D. Owens
scott@sctorrdowens.com
Keith J. Keogh
Keith@KeoghlLw.com

　　/s/ Michele F. Martin
　　　　Attorney